# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Bryan K. Bayes,                                        Case No. 3:16CV02822

            Plaintiff,

            v.                                          **ORDER**

Nancy A. Berryhill,
Acting Commissioner of Social Security,

            Defendant.

This is a Social Security case in which plaintiff, Bryan Bayes, challenges the Commissioner's decision denying his application for disability insurance benefits.

Bayes suffers from neck and back pain and numbness, degenerative arthritis, and depression and anxiety, among other conditions. An administrative law judge (ALJ) determined Bayes was disabled as of May 13, 2014–approximately four years after the June 16, 2010 disability onset date Bayes claimed in his application. The Appeals Council granted Bayes' request to review the decision, but ultimately resolved the appeal to his detriment.

Specifically, the Council agreed with the ALJ's finding that Bayes was not disabled before May 13, 2014, but further concluded that "there were jobs that existed in the national economy that Bayes could perform" as of May 13, 2014–meaning, in essence, that Bayes "was not disabled at any time." (Doc.19, ID 911; Doc. 11, ID 99). The Council's decision was the Commissioner's final decision on the matter.

Bayes sought judicial review before Magistrate Judge Kathleen B. Burke, who issued a report and recommendation (R&R) recommending that I affirm the Commissioner's decision. (Doc. 19).

Bayes now objects to the R&R (Doc. 20), and urges me to reject it.

For the following reasons, I adopt in full the R&R, and affirm the Commissioner's decision.

**Standard of review**

When reviewing a Magistrate Judge's R&R, I make a *de novo* determination regarding the portions to which plaintiff objects. *See* 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's decision, I must determine whether substantial evidence supports the ALJ's findings and whether the ALJ applied the proper legal standards.[1] *See* 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

I may "not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If substantial evidence supports it, I must affirm the ALJ's decision, even if I would have decided the matter differently. *See* 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *see also Mullen*, 800 F.2d at 545.

Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant as evidence as a reasonable mind would accept as adequate to support a conclusion." *Brainard*, *supra*, 889 F.2d at 681 (citation omitted). In determining whether substantial evidence supports the ALJ's findings, I view the record as a whole, *Allen v. Califano*, 613 F.3d 139, 145 (6th

---

[1]Although "review by the district court[] is . . . governed by the substantial evidence standard in terms of the Secretary's final decision as expressed by . . . the Appeals Council," rather than the ALJ, *see Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986), Bayes is not challenging the portion of the Council's decision that differed from the ALJ's decision, i.e., that "there are jobs that exist in significant numbers in the national economy that he could perform with[in] the assessed limitations." (Doc. 11, ID 99). Bayes instead disputes the ALJ's assessment of his limitations, which the Appeals Council adopted as part of its decision. (*Id.*). I therefore review this portion of the ALJ's decision for substantial evidence.

2

Cir. 1980), and consider anything in the record suggesting otherwise. *See Beavers v. Sec'y of Health, Educ., & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978).

## Discussion

### A. Dr. Altic's Opinion

Bayes first challenges Magistrate Judge Burke's findings regarding the opinion of Dr. Stephen Altic, a physician who evaluated Bayes on a single occasion.

Dr. Altic described his findings on a functional capacity questionnaire dated June 5, 2014. (Doc. 11, ID 839-43). Magistrate Judge Burke summarized the questionnaire as follows:

> Dr. Altic indicated that he had reviewed Bayes's diagnostic imaging, records and reports. Tr. 784. He observed the following "objective" signs: impaired sleep, reduced range of motion, sensory changes, reflex changes, abnormal posture, positive bilateral straight-leg raise test, tenderness, trigger points, muscle spasm, and abnormal gait. Tr. 779. He stated that emotional factors and depression contributed to the severity of Bayes's symptoms and opined that his pain would constantly interfere with his ability to maintain attention and concentration. Tr. 780. Bayes would have marked limitations in dealing with work stress, could walk one city block without rest or severe pain, sit or stand for five to 10 minutes at a time, stand for less than two hours total and sit for six hours total so long as he frequently changed positions, needed to walk every one to five minutes for one to five minutes at a time, would need to lie down at unpredictable intervals every one to two hours, must use a cane when occasionally standing or walking, could occasionally lift and carry less than 10 pounds but never more, and he could never bend or twist at the waist. Tr. 780-782. He would be absent from work more than three times per month due to his symptoms. Tr. 782.

(Doc. 19, ID 927).

The ALJ gave Dr. Altic's opinion "little weight" for three reasons: (1) Dr. Altic "indicated limitations" on the form "without any real explanation" for them; (2) he appeared to rely "heavily" on Bayes' "subjective complaints"; and (3) Dr. Altic's notes–indicating that Bayes could sit or stand for only five to ten minutes, was able to lift less then ten pounds occasionally, and required a

cane–were contradicted by "repeat normal findings on physical examination of normal gait and normal muscle strength in all extremities and no need for an assistive walking device." (Doc. 11, ID 121).

Bayes disputes all three observations.

First, he insists Dr. Altic "provide[d] a substantial degree of explanation" by "indicating" on the form questionnaire that he conducted a physical examination, and further "indicating" that he reviewed Bayes' medical records. (Doc. 20, ID 945-46). However, as Magistrate Judge Bruke noted, these "indications" were limited to check-marked boxes and "one-word answers without further explanation." (Doc. 19, ID 936).

"Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." *Mason v. Shalala*, 994 F.3d 1058, 1065 (3d Cir. 1993). "Many courts have cast doubt on the usefulness of these forms and agree that administrative law judges may properly give little weight to a treating physician's 'check-off form' of functional limitations that 'did not cite clinical test results, observations, or other objective findings.'" *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566 (6th Cir. 2016) (citations omitted). Because this "so-called report[]" was "unaccompanied by thorough written reports," its "reliability is suspect," and the ALJ was free to discount it. *Mason*, 994 F.3d at 1065 (citation omitted).[2]

Second, Bayes complains that the ALJ did not explain his belief that Dr. Altic must have relied on Bayes' subjective reports, instead of objectively observing Bayes' symptoms. Yet this is the very problem with "rudimentary indications" on "check-box" forms "that lack an accompanying

---

[2]The only substantive writing Dr. Altic did on the questionnaire was list Bayes' diagnoses and symptoms. Simply "not[ing] [the claimant's] impairments" is "not sufficient to explain [his] findings." *Ellars*, 647 F. App'x at 567.

4

explanation"–they do not indicate whether the checks reflect the physician's observations or the patient's subjective claims. *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016).

Here, for example, Magistrate Judge Burke noted that "Dr. Altic listed diagnosis, symptoms, and checked boxes indicating positive objective signs, and then checked boxes for three pages indicating Bayes'[] limitations." (Doc. 19, ID 937). But he "did not link any impairments such as how long Bayes could sit, how far he could walk, and how well he handled stress with objective diagnostic testing or other reports." (*Id.*). "Because of the interpretive problems inherent in the use of forms such as the physical capabilities checklist," the ALJ had reason to question whether Dr. Altic actually witnessed any of these symptoms, discerned them from Bayes' medical records, or merely took note of Bayes' own representations. *O'Leary v. Schweiker*, 710 F.2d 1334, 1341 (8th Cir. 1983).

Indeed, at least one of the "objective signs" Dr. Altic check-marked was a symptom he *could not have observed* during his one-time examination: Bayes' report of "impaired sleep." (Doc. 11, ID 839). Dr. Altic also checked a box stating that Bayes required a cane to stand and walk (*see id.* at 842), even though Bayes admitted "there is no evidence in the medical record that [he] needs or uses a cane." (Doc. 19, ID 936).

Third, and relatedly, Bayes contends the ALJ made a "patently false" statement when he claimed that "repeat normal findings on physical examination" undermined Dr. Altic's findings. (Doc. 19, ID 937). Magistrate Judge Burke more than adequately addressed this claim, calling out Bayes for selectively quoting the ALJ's statement: "the ALJ's complete explanation reads, '[there are] repeat normal findings on physical examination *of normal gait and normal muscle strength in*

*all extremities*' [and no need for an assistive walking device]." (*Id.* (citing Doc. 11, ID 121)).

Confronted with his mischaracterization of the ALJ's remarks, Bayes now acknowledges "there are only a few instances of abnormal[]" findings in gait and muscle strength. (Doc. 20, ID 948). He objects before me, however, to contrast these normal findings with the "significant degree of physical examination abnormalit[ies]" noted elsewhere in the record–though he does not direct me to any. (*Id.*).

Whatever point Bayes is making here, it does not undermine the ALJ's reasons for giving Dr. Altic's opinion little weight. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) ("[T]he ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed and objective criteria and documentation.'" (citation omitted)).

In short, Dr. Altic examined Bayes "only once" *see Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 529–30 (6th Cir. 1997), and "did not cite clinical test results, observations, or other objective findings" in support of his opinion. *Ellars*, 657 F. App'x at 566 (citation omitted). On this record, the ALJ did not err in affording it little weight.

I overrule Bayes' objection.

**B. Dr. Swimmer's Opinions**

Next, Bayes objects to Magistrate Judge Burke's analysis regarding the opinions of Dr. Glenn Swimmer, a psychologist who treated Bayes in connection with his workers compensation claim.

Although the ALJ noted that he considered "every one" of Dr. Swimmer's opinions (Doc. 11, ID 121), Bayes complained before the Magistrate Judge that he cited only to one of them. This, according to Bayes, "tends to show that [the ALJ] did not examine all the opinions of record, or at least raises a legitimate suspicion that he did not." (Doc. 20, ID 950).

Except that it doesn't. And Magistrate Judge Burke already told Bayes as much. (*See* Doc. 19, ID 939). An "ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Sys.–Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999)).

To the extent Bayes articulates a more specific argument regarding Dr. Swimmer, his main concern seems to be the ALJ's "failure to analyze" the "extreme limitations" Dr. Swimmer noted in a May, 2014 Medical Impairment Questionnaire. (Doc. 20, ID 950). But again, Bayes misrepresents the record.

The ALJ did not "fail[] to analyze" the Medical Impairment Questionnaire. He devoted a paragraph to this evidence and expressly stated why Dr. Swimmer's findings regarding Bayes' "extreme limitations" warranted minimal weight:

> Little weight is given to the mental impairment questionnaire at Exhibit 45F, dated May 27, 2014, from Dr. Swimmer, indicating six visits. Although marked and extreme limitations in some areas were noted with an onset date of November 15, 2013, these limitations were only supported only by the comments "Cannot concentrate/severe depression attempted suicide." These limitations are not supported by treatment notes or other evidence in the record. The record reflects minimal treatment as well as improvement with minimal treatment.

(Doc. 11, ID 121).

Bayes offers no rebuke to the ALJ's reasoning. Accordingly, I overrule his objection.

**Conclusion**

For the foregoing reasons, it is hereby,

ORDERED THAT:

1. Plaintiff's objections to the Report and Recommendation of the United States

7

Magistrate Judge (Doc. 20) be, and the same hereby are, overruled; and

2. The Magistrate Judge's Report and Recommendation (Doc. 19) be, and the same hereby is, adopted as the Order of this Court.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge